# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**JOHNATHAN LEE X SMITH,**

     Plaintiff,

v.                               Civil Action No. **3:10CV352**

**FCM-MTC MEDICAL, LLC**
**d/b/a FIRST MEDICAL MANAGEMENT,** *et al.,*

     Defendants.

## MEMORANDUM OPINION

Johnathan Lee X Smith, a Virginia prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court on a number of nondispositive motions.

### A.    <u>Misnamed Defendants</u>

In his complaint, Smith misspells or otherwise misidentifies several of the Defendants. Defendants filed motions to correct the record (Docket Nos. 16, 18), and Smith has not filed objections. Accordingly, the Court will GRANT Defendants' motions. (Docket Nos. 16, 18.) The Court DIRECTS the Clerk to correct the docket sheet as follows: "First Medical Management" becomes "FCM-MTC Medical, LLC d/b/a First Medical Management"; "Jackquiline Jones" becomes "Jacqueline Jones"; "N. Kolongo, M.D." becomes "Nsekenene Kolongo, MD"; "Ralph Ablaseau, Nurse Practitioner" becomes "Ralph Ablaseau, FNP"; "C. McKeithan, Registered Nurse" becomes "Charlene McKeithan, RN"; "S. Bell, License Practical Nurse" becomes "Shakira Bell, LPN"; "P. Johnson, Registered Nurse" becomes "Pamela Johnson, RN"; "P. Williamsn, Registered Nurse" becomes "Pamela Williams, RN"; and "K. Jone, Registered Nurse" becomes "Kendra Jones Holman, RN."

## B. Defendant Holman's Duplicative Motion to Dismiss

The Court notes that Defendant Kendra Jones Holman, RN submitted two Motions to Dismiss (Docket Nos. 20, 22) with accompanying briefs. After reviewing these pleadings, the Court has determined that the second Motion to Dismiss is substantively identical to the first, adding only Holman's *Roseboro*[1] notice. Accordingly, it will be ORDERED that Holman's second Motion to Dismiss (Docket No. 22) SUPPLANTS the first (Docket No. 20). Neither the original Motion to Dismiss (Docket No. 20) nor its accompanying brief (Docket No. 21) will be considered.

## C. Smith's Motion to Withdraw Nonsuits

Smith filed a Motion to Withdraw Nonsuits. (Docket No. 30.) In this motion, Smith states, "Plaintiff hereby withdraws his two (2) requests to nonsuit this action filed with the Circuit Court for the City of Norfolk." (Docket No. 30.) A review of the record indicates that no request to nonsuit has been filed in this Court. Accordingly, Smith's motion (Docket No. 30) will be DENIED WITHOUT PREJUDICE.

## D. Smith's Motion to Remand

Smith filed a motion to remand his case against Defendant Kendra Jones Holman, RN to the state court. (Docket No. 37.) He asserts that this Court does not have jurisdiction over the action because Holman did not join in the Notice of Removal filed on May 14, 2010 (Docket No. 1) and did not file for removal within thirty days from her receipt of the complaint.[2]

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[2] Unserved defendants need not join the notice of removal. "[A]fter removal[,] process or service may be completed on defendants who had not been served in the state proceeding. The right which the statute gives to such a defendant to move to remand the case confers no rights

A removal notice must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the [complaint]." 28 U.S.C. § 1446(b); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999); *McKinney v. Bd. of Trs. Mayland Cmty. Coll.*, 955 F.2d 924, 926–27 (4th Cir. 1992). Smith, however, served Franklin Rose instead of Holman. (Docket No. 33 Ex. 1.) Rose swears under penalty of perjury that he is unauthorized to accept service on behalf of Holman. (Docket No. 33 Ex. 2 ¶ 6.) Smith provides no factual support for the proposition that Holman has been properly served, and Smith has not alleged the date on which Holman received a copy of the complaint through service or otherwise. Because Smith fails to demonstrate when he properly served Defendant Holman, Smith fails to demonstrate that Defendant Holman's consent to removal, which was filed on June 14, 2010, is untimely. Accordingly, Smith's Motion to Remand (Docket No. 37) and Supplemental Motion to Remand (Docket No. 43) will be DENIED.

### E. **Defendant Holman's Motions to Strike**

Defendant Holman filed three Motions to Strike. (Docket Nos. 40, 42, 45.) In these motions, she complains that Smith's duplicitive filings run afoul of Local Rule 7. This Rule permits a party to respond to a motion with a responsive pleading, and it permits the movant to file a reply. "No further briefs or written communications may be filed without first obtaining leave of Court." E.D. Va. Loc. R. 7(F)(1). Smith has violated this Rule by filing pleadings after replies have been filed. Because this Memorandum Opinion and Order dispose of those

---

upon a plaintiff." *Lewis v. Rego Co.*, 757 F.2d 66, 69 (3d Cir. 1985) (*citing* 28 U.S.C. § 1448); *see also Hutchins v. Priddy*, 103 F. Supp. 601, 607 (W.D. Mo. 1952) (determining that because the case has been removed, the right to move for remand rests with defendants, but "a plaintiff may not do so if jurisdiction of the United States District Court is established over the action").

underlying motions, Defendant Holman's motions to strike (Docket Nos. 40, 42, 45) and Smith's Motion to Substitute (Docket No. 41) are DENIED AS MOOT.

The Court admonishes Smith that continued failure to obey the Rules of this Court can result in sanctions. Such sanctions may include the Court leveraging fines against him and modifying his current pre-filing injunction order to include stricter terms. The Court advises Holman and all Defendants that subsequent motions to strike are unnecessary.

An appropriate Order will accompany this Memorandum Opinion.

                                       /s/

                                      M. Hannah Lauck
                                      United States Magistrate Judge

JAN 3 1 2011

Date: _____
Richmond, Virginia

4