IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHNATHAN LEE X SMITH,

    Plaintiff,

v.                                                                            Civil Action No. 3:10CV352

FCM-MTC MEDICAL, LLC
d/b/a FIRST MEDICAL MANAGEMENT, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Johnathan Lee X Smith, a Virginia prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Smith originally filed the action in state court. Defendants removed the case to federal court on May 14, 2010. Smith had 120 days from this date, or until Saturday, September 11, 2010 to effect service on all defendants. *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) (determining that Fed. R. Civ. P. 4(m)'s 120 day requirement runs from the date of removal).

Six Defendants remain unserved: D.B. Coleman, Registered Nurse; David Simons, Assistant Superintendent; I. Sharpe, Dentist; B. Wilson, Registered Nurse; S. Bowen, Registered Nurse; and Hampton Roads Regional Jail (collectively, "Unserved Defendants").

By Memorandum Order entered February 1, 2011, pursuant to Federal Rule of Civil Procedure 4(m), the Court provided Smith the opportunity to show good cause for the failure to serve the Unserved Defendants. Smith submitted his response on February 14, 2011. (Docket No. 49 ("Resp.").) In his response, Smith explains that he has not served the Unserved Defendants for three reasons: (1) the Virginia state court did not serve them, despite Smith's

request (*id.* ¶ 1); (2) Defendant Cherry did not respond to Smith's letter requesting the Unserved Defendants' mailing addresses[1] (*id.* ¶¶ 2–3); and (3) this Court has not ordered counsel to provide Smith with the Unserved Defendants' mailing addresses (*id.* ¶ 4).[2]

"'It is well-settled that 'in order to show good cause, a plaintiff must demonstrate that he made reasonable, diligent efforts to effect service on the defendant.'" *Lilly v. Winter*, No. 1:05CV879(JCC), 2006 WL 543977, at *2 (E.D. Va. Mar. 3, 2006) (*quoting Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). If a plaintiff shows good cause, a Court is authorized to grant an extension of time for service. *Scruggs v. Spartanburg Reg'l Med. Ctr.*, No. 98-2364, 1999 WL 957698, at *1–3 (4th Cir. Oct. 19, 1999) (discussing Supreme Court dicta favoring a court's authority to grant an extension of time for service even in the absence of a showing of good cause).

During Smith's 120-day service period, Smith sent a letter to Defendant Cherry requesting the Unserved Defendants' mailing addresses. Smith sent that letter to Hampton Roads Regional Jail, 2690 Elmhurst Lane, Portsmouth, Virginia 23701. This is the same address at which the state court originally served Defendant Cherry. (Docket No. 1, Ex. A.) This is the address that Smith now states is the "last mailing address known by [Smith] for the [U]nserved Defendants." (Resp. ¶ 5.) Smith makes no excuse for why he was able to send a letter to

---

[1] Smith asserts that he sent this letter to Cherry twice, with no response. (Resp. ¶¶ 2–3.)

[2] On July 6, 2010, the Court received from Smith a letter requesting the Court to direct Defendants' counsel to provide Smith with the mailing addresses of some of the Unserved Defendants. By Memorandum Order entered February 1, 2011, the Court informed Smith that Smith's letter, which was not in the form of a motion, cited no authority for the Court to enter such an order. The Court further informed Smith that he was ultimately responsible for serving the Unserved Defendants. *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993).

Defendant Cherry at this address within the 120-day period, but neglected to attempt service on the Unserved Defendants at this address.

More than 270 days have passed since Smith's time for serving began to run. The Court has not granted Smith leave to proceed *in forma pauperis*. Smith has never requested an extension of time to serve Unserved Defendants. *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009). Smith's attempt to obtain the Unserved Defendants' addresses from Defendant Cherry (Resp. Ex. A) and his single letter to this Court dated June 29, 2010 (Docket No. 44), coupled with Smith's apparent ability to write letters to the address where Smith now assumes the Unserved Defendants may be served, indicate to this Court that Smith has not "'made reasonable, diligent efforts to effect service on the [Unserved Defendants].'" *Lilly*, 2006 WL 543977, at *2 (*quoting Hammad*, 31 F. Supp. 2d at 528).

Because Smith did not serve the Unserved Defendants within 120 days from removal, did not request an extension of time in which to serve them, has demonstrated his ability to send letters to the place where he claims the Unserved Defendants may be served, and has otherwise not demonstrated good cause for failing to serve the Unserved Defendants, the court will DISMISS WITHOUT PREJUDICE the claims against the Unserved Defendants. Fed. R. Civ. P. 4(m).

An appropriate Order will accompany the Memorandum Opinion.

/s/
James R. Spencer
Chief United States District Judge

Date: 3-2-11
Richmond, Virginia

3